# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff<br><br>    v.<br><br>**[7] JESUS VILA-BARBOSA ,**<br>    Defendant. | **Criminal No. 16-0454 (ADC)** |

## OPINION AND ORDER

Defendant Jesús Vilá-Barbosa has pleaded guilty to Conspiracy to distribute controlled substance in or near a public housing facility; a protected location. 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 864, and 860, in full satisfaction of the multi-count indictment against him. **ECF No. 508** (minutes of change-of-plea hearing); see also **ECF Nos. 3** (indictment), 502 (plea agreement). On May 3, 2017, the probation officer disclosed her presentence report to the Court and the parties. **ECF No. 681**. The report included an approximation of the total amount of drugs involved in the conspiracy, *id.*, at ¶ 11; a representation that the case agent had "verified that various witnesses had identified the defendant carrying a firearm during the c[o]nspiracy," *id.*, at ¶ 22; and a recommendation to apply the two-level sentencing enhancement under USSG § 2D1.1(b)(1) because a "dangerous weapon (including a firearm) was possessed" in furtherance of the conspiracy, *id.*, at ¶ 38. The report also asseverated, in a section entitled "The Offense Conduct," that some of defendant's co-conspirators had "routinely possessed, carried, brandished, and use[d] firearms to protect themselves, the drugs,

the drug trafficking proceeds, and the operation of the drug points." *Id.,* at ¶ 14. The report stated further that defendant, as a drug point owner in the conspiracy, had "allowed and encouraged members of the conspiracy to carry firearms in order to protect drug point owners, themselves, the drugs, the proceeds, and the operation of the drug points." *Id.,* at ¶ 17. The report even identified three co-conspirators who had stored firearms on behalf of the conspiracy. *Id.,* at ¶ 21. On May 8, 2017, the probation officer filed an amended presentence report that contained the same provisions as above. **ECF No. 690**, at ¶¶ 11, 14, 17, 21-22, 38.

Federal Rule of Criminal Procedure 32(f)(1) clearly provides that defendant had "14 days after receiving the presentence report" to object to it in writing. Local Criminal Rule 132(b)(3)(A) provides, in turn, that defendant "waives any objection to the [report] by failing to comply with [the fourteen-day deadline] unless the Court determines that the basis for the objection was not reasonable available prior to the deadline." Defendant, however, did not timely object to either the original or the amended report. On May 30, 2017, the probation officer memorialized that fact by submitting an addendum to the report, noting that defendant had not "filed any written objections." **ECF No. 717**, at 1. Then, on May 31, 2017, more than three weeks after the amended presentence report was disclosed to him and only seven days before his sentencing, defendant filed a two-page objection to the report. **ECF No. 724**. He objected to the reliability of both the report's approximation of the amount of drugs involved in the conspiracy and its representation that witnesses had seen him carrying a firearm during the conspiracy. *Id.* He also objected to the two-level sentencing enhancement for firearm

possession on the grounds that the police did not recover a gun from his residence upon searching it and that, again, the proffered witnesses reported observations of his personal possession of a gun were "not reliable." *Id.*, at ¶ 2.

At the sentencing hearing on June 7, 2017, defendant did not address his objection to the presentence report's approximation of the amount of drugs involved in the conspiracy.[1] Instead, he devoted his attention to the firearm sentencing enhancement and the allegation that people had seen him possess a firearm during the conspiracy. See **ECF No. 820**, at 14-35. And, at the hearing, defendant clarified that he was not objecting to the factual basis for the enhancement if it was applied to him based on the foreseeability that some of his co-conspirators would possess and were possessing guns in furtherance of the conspiracy. Rather, he was simply objecting to the enhancement were it applied based on his own possession of a gun. See **ECF No. 820**, at 19. Defendant even conceded that the government had disclosed to him photographic evidence of one of his drug sellers, Carlos Alvarez Ruíz, in possession of a firearm.[2] *Id.*, at 18-19.

The prosecutor, in turn, informed the Court that, during plea negotiations, he proffered to defendant evidence establishing that co-conspirators, under defendant's instructions were

---

[1] As the Court noted earlier, this approximation "has nothing to do with the guideline computation and what controls [is] the guideline computation for purposes of sentencing because sentencing will take place based on the stipulated amounts of drugs which is a reduce lower amount." **ECF No. 820**, at 15.

[2] At the hearing, the probation officer stated that the photograph was of Carlos Alvarez Ruíz and that Alvarez Ruíz sold drugs for defendant. **ECF No. 820**, at 17. The Court later stated, upon viewing the photo, that it "clearly depicts a seller that works for [defendant] putting a gun in his waistband." *Id.*, at 30. Defendant has not specifically contested the truth or accuracy of either of those statements.

carrying firearms in furtherance. *Id.,* at 23. The prosecutor stated further that he had spoken with defendant about the possibility of applying the sentencing enhancement based on the reasonable foreseeability of gun possession by his co-conspirators. *Id.,* at 25. In response, defendant simply said that he could not "recall that specific issue [from the] negotiations," but the prosecutor "may be right." *Id.,* at 25-26. In the end, defendant's objections appeared to vanish while accepting that the Court might apply the enhancement based upon the foreseeability of possession of guns by his co-conspirators, even though the prosecutor had agreed not to seek the enhancement without evidence that defendant had possessed a gun himself.[3] See *id.,* at 23, 28-29. At the close of the hearing, defendant stated that he was "willing to take the stand under oath [to] address the matter of the foreseeability" of his co-conspirators' gun possession. *Id.,* at 32. The Court then postponed the hearing. *Id.,* at 33.

Ever since the Court postponed his sentencing, defendant has inundated the Court with motions, including a twenty-one page request for additional discovery, see **ECF No. 805**, a plea not to apply the firearm-possession sentencing enhancement even if it "is warranted," see **ECF No. 837**, and a prayer to subpoena the incarceration records of five of his co-defendants, see **ECF No. 891**. Some of those motions are clearly based on the idea that, at sentencing, the government will be required to prove the factual basis of the sentencing enhancement through

---

[3] The record shows, however, that defendant knew perfectly well that, in pleading guilty pursuant to a negotiated agreement, the Court was not bound to "the sentencing calculations and/or recommendations contained" in the agreement. **ECF No. 502**, at 3-4. Thus, he cannot complain of disappointed expectations.

live witnesses. However, that will not be necessary because the record already supports the application of the enhancement and, as found above, defendant's objections to the presentence report are untimely under Federal Rule of Criminal Procedure 32(f)(1). Accordingly, the Court finds that defendant has waived his objections pursuant to Local Criminal Rule 132(b)(3)(A).

The First Circuit Court of Appeals has found that "the time limits embedded in th[o]se rules serve a threefold purpose: they promote focused and informed resolution of disputed sentencing issues, fairness for both the government and the defendant, and efficiency in judicial administration." *United States v. Martínez-Vargas*, 321 F.3d 245, 249 (1st Cir. 2003) (citing *United States v. López-López*, 295 F.3d 165, 169 (1st Cir. 2002)). The Court of Appeals has also held that Local Criminal Rule 132, which deems untimely objections waived, "cries out for enforcement [because] a defendant who eschews a warrantable objection to a conclusion reached in a presentence report lulls both the prosecution and the sentencing court into what will prove to be a false sense of security if he is later allowed to do an about-face." *United States v. Turbides-Leonardo*, 468 F.3d 34, 38 (1st Cir. 2006). To be clear, the Court does not intend to allow defendant to do an about-face. In postponing sentencing, the Court simply wanted to give defendant time to prepare to take the stand under oath—an unusual request in this District that the Court is willing to entertain. See *United States v. Ward*, 732 F.3d 175, 182 (3rd Cir. 2013) ("The contemporary practice of swearing or not swearing defendants before a Rule 32 allocution varies by district and by judge."); see also Fed. R. Crim. P. 32(i)(4)(A)(ii) ("the court must...permit the defendant to speak and present any information to mitigate the sentence.").

The Court also wanted to let the Government to prepare to cross-examine defendant—prospect to which defendant has not objected. *Cf. United States v. Vázquez*, 532 Fed. Appx. 277, 279-80 (3rd Cir. 2013).

Even if the Court were open to considering defendant's untimely objections about the sentencing enhancement, which it is not, the Court would note that his objections are all based on whether the enhancement is considered based on defendant's personal and direct possession of drugs. However, defendant has pleaded guilty to a conspiracy count. See **ECF Nos. 502**, **508.** "Thus, to determine whether the sentencing enhancement for possession of a dangerous weapon can be imposed, the sentencing court may consider not only whether [he] personally possessed a dangerous weapon, but also whether "it was reasonable foreseeable that a co-conspirator would possess a gun in furtherance of the [conspiracy to distribute cocaine].'" *United States v. Vázquez-Rivera*, 470 F.3d 443, 447 (1st Cir. 2006) (final brackets in original) (quoting *United States v. Casas*, 356 F.3d 104, 129 (1st Cir. 2004)); see also *United States v. Coleman*, 854 F.3d 81, 85 (1st Cir. 2017) (finding that for the "enhancement to attach, a defendant need not be caught red-handed: the enhancement applies not only where a defendant himself possessed a firearm but also where it was reasonably foreseeable to the defendant that firearms would be possessed by others during the conspiracy.") (quoting *United States v. Burgos-Figueroa*, 778 F.3d 319, 321 (1st Cir. 2015)).

Defendant, however, has not timely challenged but rather admits, to the factual allegation in the presentence report that some of his co-conspirators "routinely possessed,

carried, brandished, and use[d] firearms to protect themselves, the drugs, the drug trafficking proceeds, and the operation of the drug points," See *id.,* at ¶ 14. More so, defendant has never challenged the factual allegation that, as a drug point owner in the conspiracy, he "allowed and encouraged members of the conspiracy to carry firearms in order to protect drug point owners, themselves, the drugs, the proceeds, and the operation of the drug points." See *id.,* at ¶ 17. Those facts clearly support the application of the sentencing enhancement. See USSG § 2D1.1(b)(1); see also *Burgos-Figueroa,* 778 F.3d at 321 ("A sentencing court may consider facts set forth in unchallenged portions of the PSI Report as reliable evidence.") (citing *United States v. Olivero,* 552 F.3d 34, 39 (1st Cir. 2009)). Accordingly, the Court accepts that the sentencing enhancement is factually warranted here.

The Court apologizes to the parties if any of its statements during the aborted sentencing hearing led the parties to believe that defendant's untimely objections to the presence report had created a factual dispute requiring an evidentiary hearing. Rather, as explained above, the Court postponed the proceeding only to grant the parties additional time to prepare in light of the parties expressed intentions to present witnesses. See **ECF No. 820**, at 32; see also Fed. R. Crim. P.32(i)(4)(A)(ii). Insofar as defendant has requested an evidentiary hearing in a belated attempt to challenge the facts in the presentence report, the Court denies it as "too little, too late." *United States v. García,* 954 F.2d 12, 19 (1st Cir. 1992). If defendant no longer wants to testify under oath at his sentencing, the Court will allow him to withdraw his request. The undersigned is aware this determination may lead and will not require the

government to present any other witnesses. However, at this juncture when still defendant posture remains uncertain, (See ECF No. 891, wherein he appears to challenge "foreseeability") the availability of any such witness(es) may result necessary.

In conclusion, the Court hereby **DENIES** the motions filed at **ECF Nos. 805** and **891**; and **NOTES** the motion at **ECF No. 837**.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 9th day of March, 2018.

**S/AIDA M. DELGADO-COLON**
**Chief United States District Judge**